IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01314-BNB

RYAN REID,

    Applicant,

v.

PAROLE DIVISION, COLORADO DEPARTMENT OF CORRECTIONS,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Ryan Reid, is a prisoner incarcerated at the Arapahoe County Detention Facility. On May 9, 2014, Mr. Reid initiated this action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging his parole hold. He has paid the $5.00 filing fee.

On May 13, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Respondents to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intended to raise either or both of those defenses in this action. Magistrate Judge Boland also directed Respondents to advise the Court who the proper Respondents are and move for substitution of party if Respondents are not the appropriate parties to respond to Applicant's claims challenging his parole hold.

On June 3, 2014, Respondents filed a Preliminary Response (ECF No. 7) and a Motion for Substitution of Respondents (ECF No. 8). The Motion for Substitution is

granted and the Parole Division, Colorado Department of Corrections, is substituted as Respondent in place of the other named Respondents. Mr. Reid filed a letter (ECF No. 9) in response to the Preliminary Response.

The Court must construe liberally the filings of Mr. Reid because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the habeas corpus application and dismiss the action without prejudice for failure to exhaust state court remedies.

In the Application, Mr. Reid alleges that he was sentenced to six years of incarceration in the Colorado Department of Corrections with a three year period of mandatory parole. He further alleges that while on parole he was arrested pursuant to an arrest warrant. (ECF No. 1 at 3). Mr. Reid alleges that the parole hold prevents him "from making bail, posting bond, and exercising my right to due process on an unrelated offense." (*Id.*). He also contends that the Parole Board refuses to schedule a parole revocation hearing because "there has been no disposition on [the] new unrelated pending charge." (*Id.*). He asserts that the parole agreement is an invalid contract. (*Id.* at 3-4). Finally, Mr. Reid alleges that, prior to filing the instant action, he filed "a motion/petition for writ of habeas corpus with the Arapahoe County District Court." (*Id.* at 4, 12-14).

Judicial review of the execution of a sentence is governed by 28 U.S.C. § 2241. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). A federal court may only grant habeas relief when a state prisoner is "in custody in violation of the constitution,

laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Federal courts do not possess supervisory authority over state judicial proceedings; they may only intervene to correct violations of federal law.  *See, e.g., Smith v. Phillips*, 455 U.S. 209, 221 (1982).  Review of § 2241 habeas actions is governed by 28 U.S.C. § 2243, which vests the Court with the authority to decide the case as a matter of law.  *See* 28 U.S.C. § 2243; *Watts v. Hadden*, 489 F. Supp. 987, 989 (D. Colo. 1980), *aff'd*, 651 F.2d 1354 (10th Cir. 1981).

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or [28 U.S.C.] § 2254."  *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  In particular:

> We emphasize that the federal claim must be fairly presented to the state courts. If the exhaustion doctrine is to prevent unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution, it is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts.  Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

*Picard v. Connor*, 404 U.S. 270, 275-76 (1971) (internal citation and quotation marks omitted).  "The exhaustion requirement is not one to be overlooked lightly.  Principles of comity and federalism demand that the requirement be strictly enforced."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995) (citations and internal quotation marks omitted).

Mr. Reid is required to exhaust state remedies before he may raise his claims in federal court. *See Montez*, 208 F.3d at 866. The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A state prisoner bringing a federal habeas corpus bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Reid's federal habeas challenge must be dismissed for failure to exhaust state remedies. "A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Mr. Reid concedes that he has filed a petition for writ of habeas corpus in the Arapahoe County District Court challenging his parole hold. (ECF No. 1 at 4, 12-14; ECF No. 9). Mr. Reid also admits that he has not yet received a ruling on the petition filed in the Arapahoe County District Court. (ECF No. 9). Therefore, his claim has not been adequately presented to the state courts, he has failed to exhaust state remedies, and the application must be dismissed without prejudice.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Reid files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action dismissed without prejudice for failure to exhaust state remedies.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that Respondent's Motion for Substitution of Respondents (ECF No. 8) is granted and the clerk of the court is directed to substitute the Parole Division, Colorado Department of Corrections for the other named Respondents.

DATED at Denver, Colorado, this  20th  day of   June  , 2014.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court